# IN THE COURT OF APPEALS OF IOWA

No. 25-1367
Filed July 8, 2026

**Charles Jonas Hasselmann,**
Plaintiff–Appellant,

v.

**City of Ankeny, Erik Schaeffer, and Keith Moeller,**
Defendants–Appellees.

Appeal from the Iowa District Court for Polk County,
The Honorable Scott J. Beattie, Judge.

**AFFIRMED**

Charles J. Hasselmann, Ankeny, self-represented appellant.

Jason C. Palmer and Ryan P. Tunink of Lamson Dugan & Murray LLP,
West Des Moines, attorneys for appellees.

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

1

**GREER, Presiding Judge.**

In August 2025, the district court granted Erik Schaeffer's, Keith Moeller's, and the City of Ankeny's (collectively the Defendants) motion to dismiss Charles Hasselmann's amended petition. In the dismissal ruling, the district court explained the "numerous fabricated legal citations" in Hasselmann's resistance to the motion to dismiss, and the court attached an analysis of the fabricated citations to its order. In strong language, the court stated that "[t]he procedural history demonstrates a troubling pattern of misconduct that fundamentally undermines the integrity of the judicial process and demands decisive judicial action." The district court addressed the merits and determined legal authority supported the dismissal, but it also based the dismissal on "the procedural ground that [Hasselmann] has willfully violated this Court's orders regarding the accuracy of legal citations," which warranted dismissal under Iowa Rule of Civil Procedure 1.413. We affirm on appeal by memorandum opinion under Iowa Court Rule 21.26(1)(d) and (e).

In November 2024, Hasselmann filed a petition, alleging wrongful conversion of his vehicle, defamation, abuse of process, malicious prosecution, fraud, and emotional suffering and requesting punitive damages in addition to his fees, costs, and other damages. In January 2025, Hasselmann amended the petition to add several claims of negligence and battery. All of these claims centered around Hasselmann's assertion that on March 23, 2022, after he struck an area in a gravel parking lot and damaged his vehicle, he was wrongly charged with leaving the scene of an accident, his vehicle was wrongly impounded and sold, he was arrested, and he was deprived of his laptop, cellphone, and headphones. He alleged the seizure

and impoundment of his vehicle violated his constitutional rights under both the Federal and Iowa Constitutions.

In June 2025, taking the factual allegations in the petition as true, the Defendants moved to dismiss. The Defendants asserted that, from the face of the petition, all of Hasselmann's claims were untimely under Iowa Code section 670.5 (2024), which requires that actions be filed within the two-year statute of limitations. The district court agreed and dismissed the petition. Hasselmann appeals, and we assume without deciding he preserved error.

Because the district court underwent a detailed and correct analysis of the issues on the merits, attached a comprehensive "quotation analysis" of the fabricated citations, and had earlier provided Hasselmann the opportunity to correct the briefing failures, justifying the sanction of dismissal, we approve the reasons for and conclusions of the dismissal order by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d)–(e).

**AFFIRMED.**